RONALD LEE GILMAN, Circuit Judge,
concurring.
I concur with the lead opinion’s holding, but write separately to briefly address its analysis of Williams v. Molpus, 171 F.3d 360 (6th Cir.1999). The lead opinion holds that Molpus, which provides that “[t]he general requirement that a grievant must *538 exhaust his or her internal union remedies ... is excused if the union breaches its duty of fair representation,” controls the “exhaustion” aspect of the current case. Lead Op. at 8-10 (citing Molpus, 171 F.3d at 369). In so holding, the lead opinion reasons that the exception to exhaustion set forth in Molpus simply represents the first and second factors laid out in Clayton v. Int’l Union, UAW, 451 U.S. 679, 689, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981). These factors are as follows:
[F]irst, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; [and] second, whether the internal union appeals procedures would be inadequate either to reactivate the employee’s grievance or to award him the full relief he seeks under § 301....
Lead Op. at 9, n. 2 (quoting Clayton, 451 U.S. at 689, 101 S.Ct. 2088).
As the author of Molpus, I must sheepishly admit that I now believe the exhaustion-exception language in that opinion was overbroad. Cf. Henslee v. Union Planters Nat. Bank & Trust Co., 335 U.S. 595, 600, 69 S.Ct. 290, 93 L.Ed. 259 (1949) (Frankfurter, J., dissenting) (“Wisdom too often never comes, and so one ought not to reject it merely because it comes late.”). Molpus’s exception to the administrative-exhaustion requirement does not simply mirror the first two Clayton factors as the lead opinion states; instead, its broad language unconditionally waives the exhaustion requirement for any plaintiff who alleges a breach of duty of fair representation in his or her complaint. This consequence is contrary to the general policy of having labor disputes first submitted to internal union grievance procedures, see Holmes v. Donovan, 984 F.2d 732, 738 (6th Cir.1993), and the UAW appropriately criticizes the Molpus language for that reason.
But because this panel is powerless to overrule a prior panel’s published opinion, see Salmi v. Sec’y of Health & Human Servs., 774 F.2d 685, 689 (6th Cir.1985), Molpus must govern our decision on the exhaustion issue. Molpus should, however, be closely scrutinized if the issue comes before a future en banc panel of this court.